# UNITED STATES DISTRICT COURT
# DISTRICT OF WISCONSIN

| | |
|---|---|
| John Burks,<br>    Plaintiff,<br>v.<br>Officer Jason Tate, Officer Matthew Wierzchowski; Chief Alfonso Morales; Officer Ross Lautenbach;<br>Milwaukee Police Department; Mayor Tom Barrett, City of Milwaukee; all individuals being sued in their individual and official capacity.<br>    Defendants. | Civil Action No:<br><br>COMPLAINT 20-C-0782<br><br>Jury Trial Demand |

Plaintiff John Burks, alleges:

## STATEMENT OF CLAIMS

1. Plaintiff seeks money damages and equitable relief from Defendants for violating his constitutional rights, and injunctive relief to prevent injury to himself in the future. He also brings forward supplemental claims for violations of Wisconsin state law.

2. Plaintiff was the victim of Second, Fourth, and Fourteenth Amendment violations by Defendants in violation of the Fourth Amendment to the U.S. Constitution and Wisconsin state tort laws.

3. Plaintiff brings suit under 42 U.S.C. § 1983.

4. Plaintiff has served notice of his state law claims in compliance with 893.80 Stat § 466.05.

## JURISDICTION

5.  This Court has jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), 28 U.S.C. § 2201 (declaratory relief), and 42 U.S.C. §§ 1981, 1983, and 1988.

6.  This Court has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367.

7.  This action arises under the United States Constitution as applied to state and/or local authorities through 42 U.S.C. § 1983.

## VENUE

8. Venue is proper in this district based on 28 U.S.C. § 1391(b), and (c) as Defendants are residents of this district and the acts or occurrences giving rise to these claims occurred in this district. Also 28 U.S. Code § 130.

## PARTIES

9.  Plaintiff John Burks resides in Milwaukee, WI. Plaintiff is a Black Negro male and a member of a protected class. He was 57 years old at the time of the incidents described in this Complaint.

10. Defendants are all, upon information and belief, Wisconsin municipal entities and/or individual members of law enforcement agencies, in an appointed or elected capacity.

11. Defendant City of Milwaukee operates the Milwaukee Police Department (MPD), a law enforcement agency, and is a municipality capable of being sued under Wisconsin law. The city is the legal entity responsible for the MPD. Plaintiff bases all applicable and appropriate claims as to Defendant City of Milwaukee and the MPD on the doctrines of respondent superior or vicarious liability, and municipal liability pursuant to *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658 (1978).

12. Defendant Chief Morales was, at all times relevant, the Chief of Police of the MPD. He is sued in his personal, official, and individual capacities pursuant to Wisc. stat. § 466.01 et seq. and other applicable law.

13. Defendant Lautenbach was, at all times relevant, police of the MPD. He is sued in his personal, official, and individual capacities pursuant to Wisc. stat. § 466.01 et seq. and other applicable law.

14. Defendant Matthew Wierzchowski was at all times relevant, an officer in the MPD assigned to the MPD. He is sued in his personal, official, and individual capacities pursuant to Wisc. stat. § 466.01 et seq. and other applicable law.

15. Defendant Jason Tate was, at all times relevant, police of the MPD. He is sued in his personal, official, and individual capacities pursuant to Wisc. stat. § 466.01 et seq. and other applicable law.

16. All Defendant law enforcement officers, agents and/or employees were, at all times relevant to this Complaint, working as on or off duty licensed Wisconsin peace officers acting under color of state law and within the scope and course of their official duties and employment as officers.

FACTS

On Dec 2, 2019, cops received 911 call from neighbor indicating that two Black Negros were burglarizing house at 4041 N 45th Street.

19. Defendants Tate, Wierzchowski, and Lautenbach were on duty for the Milwaukee Police.

20. Defendants received the 911 call and arrived at 4041 N. 45th nine minutes later.

21. The tape shows that burglars had already left the house before the cops arrived.

22. Cops entered the burglarized house and began "clearing the house" under the exigent circumstance exception to 4th amendment warrant requirement.

23. Cops ended the protective sweep 4 minutes later and announced "all clear".

24. After clearing, the cop cam shows a full-blown search of Plaintiff's house.

25. The cop cam shows the cops finding a gun that was in a cabinet.

26. Cop picked up the gun to obtain the gun's serial number.

27. Cop called dispatch, who and ran gun's serial number.

    i Bad cop never told dispatch the make. Bad cop didn't care about make

    ii Dispatch indicated that a gun with that serial number was reported as stolen.

  iii Dispatch indicated that he "could not be sure of the make".

30. The cop cam shows cop seizing the gun.

31. All Defendants were state actors acting under color of state law.

32. Cop announced "we know there are no other *firearms* here", and ended the illegal search of the plaintiff's residence.

33. Plaintiff submitted Open Records Request to City of Milwaukee.

34. Plaintiff received redacted cop cam images of defendants on 4/13/20.

35. 90-day tolling to file writ of mandamus for unredacted cop cam, and 120-day for supplemental state claims began on 4/13/20.[1]

Claims for Relief

36. Plaintiff incorporates by reference each and every statement and allegation set forth throughout this Complaint as if fully rewritten here.

Charge 1 Illegal Search

Charge 2 Illegal Seizure

Charge 3 Fabrication of Evidence

Charge 4 Selective Enforcement – Equal Protection

---

[1] Tolling begins when a plaintiff has actual or constructive knowledge when he learns, or reasonably should learn. Not Dec 2, when the violations occurred.

Charge 5   Negligent Infliction of Emotional Distress

Charge 6   Failure to Train

Charge 7   Failure to Supervise

42. Plaintiff reallege and incorporate by reference those paragraphs set forth above as if fully set forth herein.

43. Defendants' owed a duty to Plaintiff to act as reasonable persons. This duty includes an obligation to lawful, manner and in compliance with federal law.

44. Defendants' conduct toward plaintiff resulted in a breach of Defendants' duties to act as reasonable, prudent persons.

45. Emotional distress was a field of danger that Defendants should reasonably have anticipated and guarded against.

46. As a result of Defendants' breach of their duties, Plaintiffs suffered legally compensable emotional distress damages.

## VI. JURY DEMAND

Plaintiffs hereby demand a jury.

## VII. PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against the Defendants, and grant the following:

1. For a temporary restraining order, a preliminary and a permanent injunction,

which enjoins permanently and restrains during the pendency of this action, Defendants and other persons acting in concert with them from intentionally or negligently inflicting further emotional distress on Plaintiff;

2. Order Defendants to pay Plaintiff's attorneys' fees and costs as authorized by 42 U.S.C. §1988; interest and any other relief deemed necessary and proper;

3. Enter a declaratory judgment on behalf of Plaintiff that Defendants' policies, pattern of practices, customs, lack of supervision, failure to train, acts, and omissions, described herein, constituted excessive force in violation of the Fourth Amendment and in violation of Wisconsin state law;

6. Enter judgment on behalf of Plaintiff against Defendants for reasonable actual damages sufficient to compensate him for the violation of his Fourth Amendment rights and rights under Wisconsin state law;

7. Permanently enjoin and prohibit Defendants from interfering with Plaintiff's constitutional rights. Specifically, to enjoin Defendants from:

    a. Retaliating against Plaintiff or his family for bringing this lawsuit; and

    b. Subjecting Plaintiff to police crimes in the future.

8. Order Defendants to pay punitive and other exemplary damages based on 42 U.S.C. § 1983 claims;

9. For leave to amend Complaint to include a claim for punitive damages

10. Grant all other and additional relief to which Plaintiff may be entitled.

Respectfully Submitted

*John Burk*

5/21/20