

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN BURKS,
Plaintiff,
Case No. 20-cv-782-pp
v.
OFFICER JASON TATE,
OFFICER MATTHEW WIERZCHOWSKI,
CHIEF ALFONSO MORALES,
OFFICER ROSS LAUTENBACH,
MILWAUKEE POLICE DEPARTMENT,
MAYOR TOM BARRETT,
THE MILWAUKEE FIRE AND POLICE COMMISSION
and CITY OF MILWAUKEE,
Defendants.

## PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT UNDER RCFC 54(b)

Pursuant to 54(b), Plaintiff respectfully moves this Court to enter final judgment on ~~Plaintiff's fabrication of evidence claim~~ ECF 117 ORDER. In support of this motion, Plaintiff states with particularity the following grounds.

## INTRODUCTION AND SUMMARY OF ARGUMENT

This Court's April order (Document 117), granted in part and denied in part Defendant's motion for Summary Judgment (Document 112). The Court granted the defendant's Qualified Immunity on the charge of Fabrication. Claim III (Fabrication of Evidence) was the most serious of the Plaintiff's charges set forth in his operative complaint. Specifically, Plaintiffs seek certification of the ECF 117 Order.

All that remains is Plaintiff's Illegal Search and the Plaintiff's Illegal Seizure claims, which the district court stated would go before a jury.

Because Fields v. Wharrie makes it clear that a PoliceCop who fabricates is not entitled to Qualified Immunity, the Plaintiff intends to appeal the granting of Qualified Immunity of Claim III (Fabrication of Evidence) either presently, if allowed by the Court, or at the conclusion of this

there is no just reason for delay of appeal of these claims. With respect to Claim III, if Plaintiff is successful on appeal regarding the portion dismissed as time barred, that likely would prompt re-litigation of Claim III, which does not promote judicial economy, and is not in the parties' best interests. Hence, this Court should exercise its discretion to enter final judgment on all three remaining claims. *See Northwest Louisiana Fish & Game Comm'n v. United States*, 574 F.3d. 1386, 1389 (Fed. Cir. 2009), *cert. denied*, 558 U.S. 1113 (2010) (noting that, following granting in part and denying in part motion to dismiss, this Court granted Rule 54(b) motion for entry of judgment on dismissed claims while other unresolved claims remained pending).

## ARGUMENT

### I. THE STANDARDS FOR RULE 54(B) FINAL JUDGMENT ARE "CLAIM SEPARATENESS" AND "NO JUST REASON FOR DELAY"

Generally, an order granting partial summary judgment is not a final judgment from which a party can appeal. *Petro-Hunt, L.L.C. v. United States*, 91 Fed. Cl. 447, 450 (Fed. Cl. 2010), *aff'd*, 862 F.3d. 1370 (Fed. Cir. 2017), *cert. denied*, 138 S.Ct. 1989 (2018); *see also Rivera Agredano v. United States*, 76 Fed. Cl. 315, 317 (2007) (court's dismissal of claims without Rule 54(b) entry of judgment is interlocutory). Accordingly, absent an exception to this rule, this Court's October 17, 2018 Opinion is not immediately appealable. *Id.* A recognized exception is the express entry of a judgment as to fewer than all claims under Rule 54(b). *Id.*

Rule 54(b) provides:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time

before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

RCFC 54(b).

"As its language suggests, in a multiple claims action, Rule 54(b) requires that there be separate claims ... and a determination of 'no just reason for delay.'" *Petro-Hunt*, 91 Fed. Cl. at 450. It is well-established that Rule 54(b) final judgment entries are discretionary with the trial court. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956); *accord Abbey v. United States*, 101 Fed. Cl. 239, 241 (Fed. Cl. 2011). A trial court's decision to enter a Rule 54(b) final judgment should not be disturbed unless it is "clearly unreasonable." *Intergraph Corp. v. Intel Corp.*, 253 F.3d 695, 699 (Fed. Cir. 2001).

## II.  THE RULE 54(b) STANDARDS ARE MET HERE

### A. The Dismissed Claims Are Separate From The Remaining Claim

"There is no bright-line test for determining whether claims are separate for purposes of Rule 54(b)." *Petro-Hunt*, 91 Fed. Cl. at 450 (citations omitted). "The following factors are oftconsidered: (i) the extent of factual overlap; (ii) whether separate causes of action depend upon proof of different facts or have different burdens of proof; (iii) whether the application of *res judicata* considerations suggest [sic] that the claims are linked; and (iv) whether the multiple relief is for the same injury." *Id.* (citations omitted). Consideration of these factors in the instant case demonstrates the dismissed claims' and the remaining claim's separateness.

To the extent that resolution of these claims also depends on facts, there is no factual overlap between the dismissed claims and the remaining claim. Likewise, the proof and burden of proof of the remaining claims, and that which remains of Claim III are completely separate.

Application of principles of *res judicata* also counsel in favor of Rule 54(b) entry of judgment on the dismissed claims. *See Adams v. United States*, 51 Fed Cl. 57, 59 (Fed. Cl. 2001).

In general, claims are not separate for Rule 54(b) purposes if together they constitute a single claim for *res judicata* purposes. *Minority Police Offices Ass'n v. City of South Bend*, 721 F.2d 197, 200 (7th Cir. 1983). The relevant Rule 54(b) *res judicata* inquiry is whether a claimant could recover separately on the dismissed claims and on the remaining claims without being barred in a subsequent action. *Id.*; *see also Adams*, 51 Fed. Cl. at 59.

### B. There Is No Just Reason For Delay

"District courts have substantial discretion in determining whether there is no just cause for delay in entering judgment under Rule 54(b)." *Intergraph Corp.*, 253 F.3d at 699. In making this determination, courts "must take into account judicial administrative interests as well as the equities involved." *Petro-Hunt*, 91 Fed. Cl. at 450 (citations omitted).

> The United States Supreme Court, the Federal Circuit, and the Court of Federal Claims have all enumerated various factors that a court may consider when addressing judicial administrative interests and the relevant equities, but none of these factors, taken in isolation, is dispositive. Instead, the court must weigh the importance of the factors in light of the specific circumstances presented by the case.

*Samish Indian Nation v. United States*, 85 Fed. Cl. 525, 530 (Fed. Cl. 2009), *aff'd in part and rev'd in part*, 657 F.3d 1330 (Fed. Cir. 2011), *vacated in part on other grounds*, 568 U.S. 936 (2012).

Crucial to this Rule 54(b) consideration is the policy that piecemeal appeals are inappropriate in cases that should be given unitary review. *Petro-Hunt*, 91 Fed. Cl. at 450 (citation omitted). "Because of the desire to promote judicial economy, the Supreme Court has stated that a district court should consider 'whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.'" *Id.* (citation omitted).

In the instant case, immediate appeal likely will help avoid, rather than cause, piecemeal, duplicative or unnecessary litigation of all claims in the case. Once these threshold issues are determined, there will be no need for further appellate review of them, and all claims can be properly presented for full resolution on the merits by this Court in the first instance.

Without such immediate appeal, the remaining portion of the underinvestment claim, and its defenses, likely will proceed to resolution on their merits, including in liability and damages phases. These are precisely the kind of judicial administration "hardships and injustices" that immediate appeals pursuant to Rule 54(b) judgments are intended to help avoid or alleviate. *See Cherokee Nation v. United States*, 23 Cl.Ct. 735, 738-739 (Cl.Ct.1991); *see also Jeffries v. Thermo Fisher Scientific*, 2010 WL 11546153, at *2 (W.D. Ky. Feb. 5, 2010) (emphasizing that immediate and one-time appellate review of limitations issue weighs heavily in favor of granting Rule 54(b) motion); *accord Volz v. American Express Co.*, 1981 WL 15470, at *1 (S.D.N.Y. Apr. 2, 1981) (limitations issue that is entirely one of law is best resolved by immediate appeal following Rule 54(b) entry of judgment in the event that the Court of Appeals reverses the trial court on this point).

Hence, "sound case management" warrants entry of final judgment on all three dismissed claims so that the earliest possible appellate review of the threshold issues raised by these claims can occur. *Intergraph Corp.*, 253 F.3d at 699. This Court should expressly find that there is no reason to delay entry of final judgment and should enter such judgment on these dismissed claims.

Respectfully submitted this 6th day of May, 2023, and Respectfully Submitted on May 12, 2023

/s/ John Burks pro se
5913 n Cleveland
Gladstone MO 64119