UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN BURKS,

    Plaintiff,

 v.
              Case No. 20-cv-782-pp

JASON TATE, *et al.*,

    Defendants.

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR RELIEF (DKT. NO. 118), DENYING PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT (DKT. NO. 125) AND CLARIFYING NEXT STEPS**

   On March 30, 2023, the court granted in part and denied in part the defendants' motion for summary judgment ("the March order"). Dkt. No. 117. The court dismissed six of the plaintiff's nine claims, but allowed the plaintiff to proceed with his claims of illegal search, illegal seizure and negligent infliction of emotional damage. Id. at 48-49. At the end of that order, the court stated that it would schedule a telephonic status conference to discuss with the parties the next steps in the litigation, including whether the parties were willing to participate in mediation and how much time they would need to try the case. Id. at 49.

   Eleven days later, however—before the court had scheduled the status conference—the court received from the plaintiff a motion for relief from the March 30, 2023 order. Dkt. No. 117. Although the motion is five pages long, the critical part of the motion is the relief the plaintiff requested—he asked the

1

court to "relieve" its March 30, 2023 order "so that he can file his interlocutory appeal." Id. at 4. The motion did not include any argument regarding the substance of the court's March 30, 2023 order.

Seven days after *that*—on April 18, 2023, and before the court had ruled on the plaintiff's motion for relief—the court received from the plaintiff a notice of appeal. Dkt. No. 121. That notice of appeal deprived this court of jurisdiction over the plaintiff's claims. See Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); Kilty v. Weyerhaeuser Co., 758 F. App'x 530, 532–33 (7th Cir. 2019) (citing Griggs for the same principle). That meant the court did not have jurisdiction to rule on the motion for relief (or any other motion the plaintiff might file).

Just over three weeks later, the court received from the plaintiff a motion for entry of final judgment under Fed. R. Civ. P. 54(b). Dkt. No. 125. The plaintiff acknowledged that "[u]sually, an order granting partial summary judgment is not a final judgment from which a party can appeal." Id. at 2 (citing Petro-Hunt, L.L.C. v. United States, 91 Fed. Cl. 447, 450 (Fed. Cl. 2010)). The plaintiff argued, however, that a "recognized exception is the express entry of a judgment as to fewer than all claims under Rule 54(b)." Id. He asserted that "Rule 54(b) final judgment entries are discretionary with the trial court." Id. at 3. The plaintiff argued that there was no factual overlap

between the claims that the court dismissed and the claims that remain and asserted that the burdens of proof for the dismissed claims were different from those of the remaining claims. Id. Although he acknowledged the policy against piecemeal appeals, the plaintiff argued that immediate appeal would help avoid unnecessary or duplicative litigation because "[o]nce these threshold issues are determined, there will be no need for further appellate review of them, and all claims can be properly presented for full resolution on the merits by this Court in the first instance." Id. at 5. He asserted that "sound case management" warranted entry of final judgment on the dismissed claims. Id. at 6.

The defendants have opposed the motion for entry of a final judgment, asserting that it would result in piecemeal and duplicative litigation. Dkt. No. 127 at 3. The defendants also observe that all the claims—dismissed or not—in the case arise out of the same set of common facts, which means that the court of appeals will have to address those facts once the entire case has been resolved. Id.

On July 18, 2023, the Seventh Circuit Court of Appeals dismissed the plaintiff's appeal for lack of jurisdiction. Dkt. No. 129. The appellate court explained that because some of the plaintiff's claims had survived summary judgment, "now is not the time to appeal because plaintiff John Burks' case is not at an end." Id. at 1-2. The court observed that the plaintiff had filed the motion for entry of final judgment, which remained pending before this court. Id. at 2.

3

The Seventh Circuit court's dismissal of the appeal moots the plaintiff's motion for relief. He asked the court to "relieve" him of the March 30, 2023 order only so that he could file an interlocutory appeal. He didn't wait for the defendants to respond to that motion, or for the court to rule on it; he went ahead and filed an interlocutory appeal. That appeal now has been dismissed, so there is no reason for the court to "relieve" the plaintiff of the March 30, 2023 order.

Until the Seventh Circuit dismissed the appeal, the court did not have jurisdiction to rule on the plaintiff's motion for entry of final judgment under Rule 54(b); again, the filing of the notice of appeal deprived this court of jurisdiction. Now that the court has jurisdiction over the motion, the court will deny it. The claims that the court dismissed are not separate from the plaintiff's remaining claims and there is just reason for delay. See Brown v. Columbia Sussex Corp., 664 F.3d 182, 186 (7th Cir. 2011) (noting that "Rule 54(b) . . . empowers a district court to 'direct entry of a final judgment as to one or more, but fewer than all, claims or parties,'" but only "if the court 'expressly determines that there is no just reason for delay,' . . . [and the] certifiable claim [is] separable from the remaining claims in the litigation . . . ."). The dismissed claims have significant factual overlap with the remaining claims; they are not separable. Lottie v. W. Am. Ins. Co., of Ohio Cas. Grp. of Ins. Companies, 408 F.3d 935, 939 (7th Cir. 2005) ("Rule 54(b) allows appeal without delay of claims that are truly separate and distinct from those that remain pending in the district court, where "separate" means having minimal factual overlap.").

4

As the Seventh Circuit implicitly noted, allowing the plaintiff to pursue an immediate appeal would result in piecemeal and duplicative litigation, which justifies delay. Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 518 F.3d 459, 464 (7th Cir. 2008) ("[I]f there are different facts (and of course different issues) consideration of the appeals piecemeal rather than all at once will not involve a duplication in the efforts required of the judges to prepare for argument in, and to decide, each appeal." (quoting Jack Walters & Sons Corp. v. Morton Bldg., Inc., 737 F.2d 698, 702 (7th Cir.1984)). The Seventh Circuit was right; now is not the time for the plaintiff to appeal. If he does not prevail on the three remaining claims, he will be able to file a single appeal challenging the court's dismissal of his claims in the March 30, 2023 order *and* the jury's verdict on the claims that went to trial. That is efficient litigation, not delaying the district court proceedings indefinitely while the plaintiff appeals only the dismissed claims.

So—as the court intended to do before the plaintiff filed his motion for relief—the court will schedule a status conference to discuss next steps with the parties.

The court **DENIES AS MOOT** the plaintiff's motion for relief. Dkt. No. 118.

The court **DENIES** the plaintiff's motion for entry of final judgment. Dkt. No. 125.

The court **ORDERS** that the parties must appear for a telephonic status conference on **December 12, 2023 at 1:30 PM**. The parties are to appear by

5

calling the court's conference line at 551-285-1373 and entering Meeting ID 161 4901 8989 and Passcode 190021 when prompted. Ahead of that status conference, the parties should consider whether they are willing to participate in mediation, how much time they need to prepare for trial and how much time they will need to try the case.

Dated in Milwaukee, Wisconsin this 27th day of October, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**